989 F.2d 494
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Barbara Lee SCHWARTZ, Plaintiff-Appellant,
v.
PAN AMERICAN WORLD AIRWAYS, INCORPORATED; International
Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers
of America, a/k/a Airline Aerospace Employees Teamster Local
# 732, Defendants-Appellees.
 No. 92-1903.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 27, 1993
Decided: March 12, 1993
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. David B. Sentelle, United States Circuit Judge, sitting by designation. (CA-88-266-C-C-M)
 Barbara Lee Schwartz, Appellant Pro Se.
 Kiran H. Mehta, KENNEDY, COVINGTON, LOBDELL & HICKMAN, Charlotte, North Carolina; Joseph R. Knock, PAN AMERICAN WORLD AIRWAYS, INC., New York, New York; Roland Percival Wilder, Jr., Christy Concannon, BAPTISTE & WILDER, P.C., Washington, D.C.; Francis Marion Fletcher, Jr., HARKEY, FLETCHER, LAMBETH, NYSTROM & FIORELLA, Charlotte, North Carolina, for Appellees.
 W.D.N.C.
 AFFIRMED.
 Before PHILLIPS and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Barbara Lee Schwartz appeals the district court's grant of summary judgment to Defendant Airline and Aerospace Employees, New York and Vicinity, Teamsters Local 732, on Schwartz's claim that the Union breached its duty of fair representation, and to Defendant Pan American World Airways, Inc., on Schwartz's claims of breach of contract and age discrimination.* Finding no genuine issue of material fact, we affirm the district court's decision based on its reasoning stated from the bench on July 13, 1992.
 
 
 2
 Although the district court failed to address Schwartz's appeal of the arbitration decision to that court, we conclude that her claim is meritless as a matter of law. We accord great deference to the arbitrator's fact finding and contract interpretation. United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987); see also Union Pac. R.R. Co. v. Sheehan, 439 U.S. 89, 94 (1978). Therefore, we are bound by the finding of the arbitrator that Schwartz participated in the alleged misconduct, which finding is fairly supported in the record and is dispositive of this claim.
 
 
 3
 Nor do we perceive any defect in the arbitrator's decision. Because the Collective Bargaining Agreement provided for arbitration if an employee believed that she had been unjustly dismissed, we conclude that the arbitrator acted within the scope of its authority. See Holcomb v. Colony Bay Coal Co., 852 F.2d 792, 795 (4th Cir. 1988). Moreover, Schwartz's allegation that the decision was improperly procured because of the arbitrator's evidentiary rulings is without merit. See Walden v. Local 71, Int'l Bd. of Teamsters, 468 F.2d 196, 197 (4th Cir. 1972) (holding evidentiary issues of relevance and hearsay do not apply to arbitration proceedings). Finally, Schwartz's conclusory allegation that the arbitrator acted dishonestly is unsupported by the record.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Schwartz raises several new issues on appeal. She alleges that the district court was biased, that the court erred in granting summary judgment when she had motions pending before it, and she questions the court's decision requiring her to pay costs. Ordinarily, we do not review claims not raised in the district court. Thus, those matters are not properly before us in this appeal. Moreover, even if we were to review those claims we would find them to be without merit: there is no evidence of extra-judicial bias on the part of the district court, see 28 U.S.C.s 455 (1988); Schwartz did not show that the pending motions prevented her from responding to the summary judgment motion; and the court did not abuse its discretion in assessing costs. See Oak Hall Cap and Gown Co. v. Old Dominion Freight Line, Inc., 899 F.2d 291 (4th Cir. 1990)